**MATERNALLY YOURS, Inc. v. YOUR MATERNITY SHOP, Inc.**

United States District Court
S. D. New York.

Feb. 27, 1951.

Irving Goodfriend, New York City, for plaintiff.

Hartman, Sheridan & Tekulsky, New York City (Lewis Ullman, New York City, of counsel), for defendant.

IRVING R. KAUFMAN, District Judge.

The motion of the plaintiff to vacate the order of this Court, dated February 20, 1950, is granted in view of the filing of the letter of the attorney for the plaintiff, Irving F. Goodfriend, and the affidavit of Gilbert Sealfon, president of the plaintiff corporation, agreeing that they will not proceed with the action in the New York Supreme Court, Bronx County, against the defendant herein, until the action in this Court has been determined.

A new order may be submitted embodying the agreement in the letter and affidavit.

While it is true that the plaintiff's letter to the attorneys for the defendant was dated March 31, 1950, and, therefore, was forwarded approximately one month later than the time provided for in the order, counsel for plaintiff seeks to excuse this delay by his illness. It should be noted that the attorneys for the defendant never

replied to this letter nor did they indicate to the plaintiff that they did not consider the statements embodied in the letter as compliance with the order.

Broader relief can be granted in the Federal Court action than that pending in the State Court. Certainly the validity of the registration of the Federal Trade Mark can be resolved in the Federal Court. I do not think that the plaintiff should be barred from pressing its suit in the Federal Court in view of its absolute agreement not to proceed with the State Court action until the Federal Court action has been determined.

Defendant will have twenty days after the entry of the order to answer the complaint in this action.

Settle order.